## STATE, DEPARTMENT OF HIGHWAYS, v. MARIUS MARVIN SCHLIEF.

185 N. W. (2d) 274.

March 12, 1971—No. 42334.

*Douglas M. Head,* Attorney General, *Eric B. Schultz,* Acting Deputy Attorney General, and *Michael L. Schwab* and *Frederick S. Suhler, Jr.,* Special Assistant Attorneys General, for appellant.

*Joseph T. O'Neill* and *O'Neill, Burke & O'Neill,* for respondent.

Heard before Knutson, C. J., and Otis, Peterson, Kelly, and Rosengren, JJ.

PER CURIAM.

Appeal from the municipal court's order rescinding an order of the commissioner of highways (now commissioner of public safety and hereinafter commissioner) which directed revocation of defendant's driver's license pursuant to Minn. St. 169.123.

On September 20, 1969, defendant was arrested for driving a motor vehicle while under the influence of an alcoholic beverage. Two days later he pled guilty to driving while under the influence of alcohol. Upon receiving a certificate that defendant had refused chemical testing, the commissioner issued a proposed order to revoke defendant's driver's license. Defendant requested a hearing in municipal court.

During the hearing defendant testified that the reason he refused the chemical test was because "I knew I had to plead guilty and I didn't know the law applied if you plead guilty." The lower court rescinded the order of revocation and the commissioner appeals.

The issue in this case is whether there is reasonable grounds for a person to refuse the chemical test under Minn. St. 169.123 when he intends to plead guilty to the charge of driving while under the influence of an alcoholic beverage and does so plead.

Minn. St. 169.123, subd. 6, provides:

"* * * The hearing shall be recorded and proceed as in a criminal matter, without the right of trial by jury, and its scope shall cover the issues of whether the peace officer had reasonable and probable grounds to believe the person was driving or operating a motor vehicle while under the influence of an alcoholic beverage; whether the person was lawfully placed under arrest; whether he refused to permit the test, *and if he refused whether he had reasonable grounds for refusing to permit the test * * *.*" (Italics supplied.)

This statute is unique in that it provides for consideration of

the issue of defendant's reasonableness in refusing to take the chemical test. Minn. St. 169.123, subd. 2, states that the peace officer should inform the person "that his right to drive *may* be revoked or denied if he refuses to permit the test." (Italics supplied.) This type of warning indicates to the person being warned that revocation is not mandatory upon refusal to take the chemical test if he has reasonable grounds to refuse the test.

One of the purposes of § 169.123 is to provide safer drivers on our highways by making available to law-enforcement officers evidence to establish in court that the person arrested was driving while under the influence of alcohol. When defendant pleaded guilty he obviated every legitimate purpose the "implied consent" statute can have. Consequently, if a person refuses to take the chemical test when he intends to plead guilty to the charge of driving while intoxicated and does so plead, such person is not accorded justice if the commissioner nevertheless proceeds to suspend his driver's license for a period of 6 months, for the reason that in these circumstances the action of revoking his license is unreasonable and serves no valid purpose.

Affirmed.