In re the Marriage of Thayis Lee KING, petitioner, Respondent,

v.

Ernest Eugene KING, Appellant.

No. CX–84–2122.

Court of Appeals of Minnesota.

May 28, 1985.

Robert J. Walter, Glenwood, for appellant.

Charles R. Wahlquist, Starbuck, for respondent.

Heard, considered and decided by FOLEY, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

FOLEY, Presiding Judge.

This appeal is from a judgment and decree of dissolution. Appellant Ernest King

claims an abuse of discretion in the award of temporary spousal maintenance and the division of the marital property. Respondent challenges the trial court's treatment of appellant's retirement benefits, and the lack of any provision for health insurance. We affirm.

## FACTS

Ernest and Thayis King were married on April 7, 1963, the second marriage for each. Both had children from their previous marriages. There are no children of this marriage.

The homestead property was owned by Ernest at the time of the marriage and is non-marital property. During the marriage the parties acquired an 80-acre tract of land, which was appraised for trial at $40,500. This land was rented out in 1983 for $2,300, and had property taxes of $565 for that year. The land was subject only to an indebtedness of approximately $1,000 owed by respondent's son, with the land put up as collateral by appellant.

Ernest was employed by the U.S. Department of Agriculture, earning approximately $20,000 per year. He has a vested pension plan which would pay him 55% of his salary, or about $800 per month on retirement. He has retired during the pendency of this appeal.

Thayis has a high school education but very little job training or experience. She did not work outside the home until 1972, when she began a series of jobs in child care, housecleaning and care of the elderly. At the time of trial she had worked at the local high school as a janitorial aide for two years, but had received notice of termination of her employment. Her 1983 earnings from the school were $4,400. She also earned $300 at a cleaning job. The trial court's findings determined that she was "presently not employed" and "without real vocational skills to support herself."

The trial court awarded Thayis the 80-acre tract which was marital property, "free and clear of any and all encumbrances." It ordered that the encumbrance on the property should be paid by Ernest.

It ordered temporary maintenance for Thayis "while seeking employment or retraining," in the amount of $300 per month for three years. *Id.* The non-marital property, including the 18-acre homestead, was retained by Ernest.

## ISSUES

1. Was the trial court's division of the marital property an abuse of discretion?

2. Was the award of temporary spousal maintenance an abuse of discretion?

## ANALYSIS

### I.

Appellant contends that the 80-acre tract of farmland was the only significant marital asset. His Civil Service pension, however, a vested, unmatured pension, is included within the statutory definition of "marital property":

["Marital property" includes] vested pension benefits or rights, acquired by the parties, or either of them, to a dissolution * * * at any time during the existence of the marriage relation between them * *.

Minn.Stat. § 518.54, subd. 5 (1984).

Ernest had been working for the U.S.D.A. 26 years at the time of trial, or five years longer than he had been married to Thayis. The marital interest in pension benefits is a fraction of the monthly payment, in which the numerator is the years of work during marriage, and the denominator is the total years of employment. *Janssen v. Janssen*, 331 N.W.2d 752, 756 (Minn.1983); *Kottke v. Kottke*, 353 N.W.2d 633, 637 (Minn.Ct.App.1984). The marital interest, therefore, is $^{21}/_{26}$ of the total pension benefit.

The trial court made no finding as to appellant's pension benefits or their valuation. It received no evidence as to the valuation of the pension, other than an affidavit from Ernest stating that he would receive 55% of his retiring salary if he retired at age 62. The court, however, by implication awarded the entire pension to

Ernest based on some "present value determination." *Oberle v. Oberle*, 355 N.W.2d 210, 213 (Minn.Ct.App.1984).

■ The property division should have been based on a more precise determination as to the present value of the pension. *See, Rogers v. Rogers*, 296 N.W.2d 849 (Minn.1980) (remand required for explanation of valuation of husband's interest in closely-held corporation). There is no absolute requirement, however, that a trial court make such a finding. *See*, Minn.Stat. § 518.58 (1984) (requiring "findings regarding the division of the property"). In this case a remand for more specific findings would be a pointless act.

Ernest was born on March 25, 1925, and retired in April, 1985, with a monthly benefit amount of approximately $800 according to his own figures. By taking judicial notice of the appropriate life expectancy and compound interest and annuity tables, it is possible to estimate the present value of his pension. *See Gustafson v. Cornelius Co.*, 724 F.2d 75 (8th Cir.1983) (appellate court may take judicial notice of a fact for the first time on appeal); *Rodriguez v. State*, 345 N.W.2d 781, 786 (Minn.Ct.App. 1984) (judicial notice by appellate court of expanded use of hypnosis in police investigations). Based on these tables, and depending on the interest rate assigned (ranging from 10 per cent to 12 per cent annual rate), the present value of the *marital portion* of the pension is from $54,000 to $60,600. Am.Jur.2d Desk Book, Item Nos. 128, 159 (1979 and Supp.1984).

■ Since the 80-acre tract awarded to Thayis was appraised at $40,500, the property division was more than just and equitable to Ernest. *See Ruzic v. Ruzic*, 281 N.W.2d 502 (Minn.1979) (court's division of property need not achieve equality as long as it is equitable). We note that the property division is not challenged by Thayis, and both parties would benefit from a termination of the litigation without remand for a more specific finding.

## II.

■ The threshhold requirement for granting an award of spousal maintenance is two-fold:

(a) [the spouse seeking maintenance] [l]acks sufficient property, including marital property apportioned to him, to provide for his reasonable needs, especially during a period of training or education, and

(b) Is unable to adequately support himself after considering all relevant circumstances through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

Minn.Stat. § 518.552, subd. 1 (1984).

The first requirement was met, since the 80-acre farmland could only provide her a maximum monthly income of $200. Even if the land were sold, its estimated market value would not likely yield a sum which, if invested, would adequately support Thayis.

The second requirement was also met. The evidence showed that Thayis had not worked outside the home until 1972, and then only at low-paying, unskilled jobs such as care of the elderly, housekeeping, and babysitting, never making more than $3 per hour. Although she was employed as a school janitorial aide for two years, this was at minimum wage, and terminated in May, 1984. The trial court correctly determined that she is unable to adequately support herself, without some retraining. *Faus v. Faus*, 319 N.W.2d 408 (Minn.1982). The amount of maintenance awarded was within the trial court's discretion. *Krick v. Krick;* 349 N.W.2d 350 (Minn.Ct.App.1984).

■ Thayis seeks review of the trial court's judgment for its failure to order appellant to maintain health insurance coverage for her. The cost of health insurance coverage appears as an expense in Thayis' estimate of monthly expenses, and the trial court properly considered it as a cost to be borne by her, in determining the proper amount of maintenance.

## DECISION

The trial court's division of the marital assets and award of temporary spousal maintenance were within its discretion.

Affirmed.