**Richard Dean OMDAHL, Petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Appellant.**

**No. CX–85–1949.**

Court of Appeals of Minnesota.

March 18, 1986.

Thomas M. Loftus, Burnsville, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Heard, considered and decided by NIERENGARTEN, P.J., and FORSBERG, and LESLIE, JJ.

## OPINION

NIERENGARTEN, Judge.

Respondent Richard Dean Omdahl was arrested for driving while intoxicated and refused to submit to testing. The Commissioner of Public Safety revoked his license, and Omdahl petitioned for judicial review. The trial court rescinded the revocation and the Commissioner brings an appeal from the trial court's order. We reverse.

## FACTS

The arresting officer observed Omdahl's car traveling at an estimated speed of 80 miles per hour in a 30 mile zone at approximately 4:00 a.m. When Omdahl stopped for a red light, the officer pulled his squad car in front of the Omdahl vehicle. After observing indicia of intoxication, Scott concluded Omdahl was under the influence of alcohol, placed him under arrest and transported Omdahl to the courthouse for testing.

Another officer read Omdahl the implied consent advisory at approximately 4:25 a.m. Omdahl indicated he understood the advisory, but said he would not take the breath test because he hated the Minneapolis court system. His license was revoked for refusing the test.

Omdahl pleaded guilty to a gross DWI charge and was sentenced. He testified at the implied consent hearing that the reason he refused testing was because he knew he would fail the test, and therefore he intended to plead guilty to the criminal charge.

The trial court concluded that it was bound by *Goblisch v. Commissioner of Public Safety*, 348 N.W.2d 76 (Minn.1984), and rescinded the revocation. The Commissioner appeals.

## ANALYSIS

The trial court made the following conclusions of law:

1. Petitioner does not fall within the purview of reasonable refusal as set forth in *State, Department of Highways v. Schlief*, 289 Minn. 461, 185 N.W.2d 274 (1971), where his expressed reason for refusal at the time of the test request was his dislike of the Minneapolis court system and where only later at the Implied Consent hearing did he claim his reason for refusing was his intent to plead guilty to the criminal charge.

2. Although it is uncertain whether the holding of *Goblisch v. Commissioner of Public Safety*, 348 N.W.2d 76 (Minn.1984) remains good law in light of the subsequent 1982 amendments, where *Goblisch* holds that a DWI conviction bars Implied Consent proceeding and where *Goblisch* was recently decided and has not been overruled, the Court is bound by the decision and must conclude that Respondent may enforce only those criminal sanctions specified under Minn. Stat. § 169.121, subd. 4 (1984) and must discontinue the sanctions under Minn. Stat. § 169.123, subd. 4 (1984) (unless this was Petitioner's third or more offense within the last five years of which there has been no evidence).

The trial court rescinded the revocation of Omdahl's driving privileges.

In *Goblisch,* the defendant was convicted of DWI and his driver's license was revoked. The Commissioner of Public Safety ordered additional revocation pursuant to Minn.Stat. § 169.123, subd. 4 (1980) but the supreme court reversed.

The court relied on two prior cases, *State, Department of Highways v. Schlief,* 289 Minn. 461, 185 N.W.2d 274 (1971) and *State, Department of Public Safety v.*

*Mulvihill,* 303 Minn. 361, 227 N.W.2d 813 (1975). The court stated:

> In *Schlief,* we held that the commissioner could not revoke a driver's license for refusal to provide a sample when the driver had refused because he intended to plead guilty to DWI. We observed that the purpose of the implied consent statute was to facilitate gathering evidence for use in DWI prosecutions. When defendant pled guilty to DWI, there was no need for evidence and no further purpose could be served by enforcement of the implied consent statute. Since enforcement of the statute under these circumstances did not effectuate the intention of the legislature, we affirmed a lower court order rescinding the implied consent revocation.
>
> We applied the same analysis used in *Schlief* to the case of *State, Department of Public Safety v. Mulvihill,* 303 Minn. 361, 227 N.W.2d 813 (1975). In *Mulvihill,* several defendants refused to provide samples for alcohol testing, then pled guilty to DWI charges that did not subject them to license revocation. They argued, from *Schlief,* that their guilty pleas precluded the commissioner from using the implied consent statute to revoke their licenses. To decide whether the commissioner could proceed, we again considered the purpose of implied consent revocation. We found that one of its purposes was to protect the public from persons who drive while intoxicated. That purpose was not satisfied by a plea of guilty which did not result in revocation so we allowed the commissioner to proceed under the implied consent statute. *Id.* at 367, 227 N.W.2d at 817.

*Goblisch,* 348 N.W.2d at 78. The court reasoned that the purpose of the implied consent statute would not be served by additional revocation, after a driver has had his or her license revoked after pleading guilty to DWI, and the implied consent proceedings must be dismissed. The court noted that if the driver had been acquitted after trial, or had not lost a license, the Commissioner would be free to proceed. *Id.* at 79.

The DWI law was subsequently amended to include the following language:

> Any person whose license has been revoked pursuant to section 169.123 as the result of the same incident is not subject to the mandatory revocation provisions of clause (a) or (b).

1982 Minn. Laws, ch. 423, § 5, codified at Minn.Stat. § 169.121, subd. 4 (1984). Minn. Stat. § 169.121, subd. 4(a) and (b) provide that a person convicted of violating the DWI law shall have his or her license revoked for not less than 30 days for a first offense, and not less than 90 days for a second offense in less than five years. Subdivisions (c) and (d) detail penalties for the third offense in less than five years and for the fourth or subsequent offense.

■ The legislature apparently intended that if the implied consent revocation was in effect, the revocation pursuant to the criminal proceeding would not apply.

We also note that the legislature, in 1982 Minn. Laws, ch. 423, § 9, provided that a revocation under the implied consent law, Minn.Stat. § 169.123, subd. 4, becomes effective at the time the Commissioner or a peace officer acting on his behalf notified the person of the intent to revoke and of revocation, Minn.Stat. § 169.123, subd. 5 (1984), and provides for a temporary license effective for only seven (7) days, Minn.Stat. § 169.123, subd. 5a. The prior law provided that the revocation did not become effective until the person was notified of intent to revoke and of revocation, and it allowed a thirty day period for the person to request a hearing. If a hearing was requested, the revocation was not effective until a final adverse judicial determination; if no hearing was requested, the revocation was effective at the end of the thirty day period. Minn.Stat. § 169.123, subd. 5a (1980) (amended at 1982 Minn. Laws, ch. 423, § 9). *See Heddan v. Dirkswager,* 336 N.W.2d 54, 57 (Minn.1983). Consequently, under the prior law, the criminal proceeding and revocation could have occurred before the implied consent revocation was effective. Under current law, the opportunity for

lengthy delay is removed. *Id.* Under Minn.Stat. § 169.121, subd. 4, no criminal revocation pursuant to clause (a) or (b) should occur if the implied consent law is invoked.

Omdahl's revocation was properly brought pursuant to the civil implied consent proceeding, rather than the criminal DWI law.

2. The Commissioner argues that Minn.Stat. § 169.123, subd. 6 (1984) expressly limits the issues which can be addressed at a hearing for judicial review, and that unless stated with specificity, even issues enumerated in the statute may not be considered. Minn.Stat. § 169.123, subd. 5c (1982). *Clow v. Commissioner of Public Safety,* 362 N.W.2d 360 (Minn.Ct. App.1985), *pet. for rev. denied,* (Minn.Apr. 26, 1985). He argues that this issue is neither enumerated within Minn.Stat. § 169.123, subd. 6 nor invoked in respondent's petition for judicial review. We disagree. In *Schlief,* the issue which was addressed was whether a driver who refused testing because he intended to plead guilty to the DWI had reasonable grounds for refusal, which could preclude revocation of his license under the implied consent law. *Schlief* 289 Minn. at 463, 185 N.W.2d at 276. Respondent, who refused testing, included in his petition for judicial review a contention that his refusal was based on reasonable grounds. While the Commissioner objected as irrelevant when Omdahl was questioned as to his prior DWI and the DWI which arose of the incident discussed here, the trial court overruled the objection when Omdahl explained he was trying to establish the reasonableness of his refusal. The issue was fully raised and considered before the trial court and is properly before this court on appeal.

### DECISION

The Commissioner of Public Safety properly proceeded under the implied consent law to obtain revocation of respondent's driving privileges. The trial court's decision is reversed and the revocation of respondent's driving privileges for refusal is reinstated.

Reversed.