Yvonne Marie **SMISEK**, Respondent,

v.

**COMMISSIONER OF PUBLIC SAFETY,** Appellant.

No. C3–86–1432.

Court of Appeals of Minnesota.

Feb. 17, 1987.

Samuel A. McCloud, Dean S. Grau, Minneapolis, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Mary Magnuson, Joel A. Watne, Spec. Asst. Attys. Gen., St. Paul, for appellant.

Heard, considered and decided by PARKER, P.J., and HUSPENI and FORSBERG, JJ.

## OPINION

PARKER, Judge.

Respondent Yvonne Marie Smisek was arrested for driving while under the influence of alcohol, refused testing under the implied consent law, and the Commissioner of Public Safety revoked her license. Contending her refusal was reasonable because she intended to plead guilty, she petitioned for judicial review. The trial court rescinded the revocation, and the Commissioner of Public Safety appeals. We reverse.

## FACTS

Smisek was arrested on February 27, 1986, for driving while under the influence of alcohol. The trooper read her the implied consent advisory. When asked whether she would take a blood or urine test, her response was, "Refusing." Her sole stated reason for refusing was "I don't want to—all right." Her license was revoked for one year and she petitioned for judicial review. At the implied consent hearing the sole issue was whether her refusal was reasonable.

The parties set out the procedural history for the court. The DWI occurred on February 27, 1986, and the implied consent petition was dated March 4, 1986. The criminal complaint charging Smisek with a gross misdemeanor DWI and misdemeanor reckless driving was signed by the prosecutor on March 31, 1986. Smisek's first appearance was originally set for April 28, but according to her attorney, it was rescheduled because he was unavailable that day.

Smisek's first appearance was on May 5, when the matter was scheduled for an omnibus hearing on June 5, 1986. On May 16, 1986, the prosecutor sent Smisek's attorney a letter indicating that he would move to amend the charges from a gross misdemeanor to a misdemeanor, based on *State v. Nordstrom*, 331 N.W.2d 901 (Minn.1983). On May 20 Smisek appeared for an implied consent hearing which was continued be-cause she had not had the opportunity to plead guilty.

It was not until May 29, 1986, that Smisek pled guilty and was sentenced. Also on May 29, Smisek filed an amended petition for judicial review, adding the specific assertion that she had pled guilty and that in accordance with *State, Department of Highways v. Schlief*, 289 Minn. 461, 185 N.W.2d 274 (1971), her refusal of testing was reasonable, and asking that her license be revoked under the DWI statute, Minn. Stat. § 169.121, subd. 4(b), in accordance with *Schlief*. The trial court ordered Smisek's driving privileges reinstated pending a final decision on the implied consent proceeding, and on June 3, 1986, the Commissioner of Public Safety reinstated her driver's license. On June 5 her conviction was certified to the Commissioner.

The implied consent proceeding was held on July 15, 1986, and on August 1, 1986, an order was filed rescinding the revocation. The trial court found that it was Smisek's intention to plead guilty at the first opportunity, that she tendered her guilty plea at the first reasonable opportunity, and that her guilty plea subjected her to an automatic revocation under the statute. The court concluded that Smisek's refusal was based on reasonable grounds pursuant to *Schlief* and rescinded the revocation of her license. The Commissioner appeals from this order.

The Commissioner notified Smisek on August 7, 1986, that her driving privileges were revoked for an additional 90 days pursuant to Minn.Stat. § 169.121, subd. 4. Smisek challenged this revocation in a hearing under Minn.Stat. § 171.19 (1986), and the revocation was rescinded.

## ISSUES

1. Will this court take judicial notice of proceedings in a related case?

2. Did the trial court clearly err in finding that respondent's refusal to submit to testing under the implied consent law was reasonable?

## ANALYSIS

### I

■ Smisek moved this court to take judicial notice of the related proceedings under Minn.Stat. § 171.19 (1986). The Commissioner argues that the proceedings are irrelevant. An appellate court may take judicial notice of a fact for the first time on appeal. *Gustafson v. Cornelius Co.*, 724 F.2d 75, 79 (8th Cir.1983); *King v. King*, 368 N.W.2d 317, 319 (Minn.Ct.App.1985). This court will take judicial notice of the trial court order in the related revocation proceeding. *See In re Welfare of Clausen*, 289 N.W.2d 153, 156–57 (Minn.1980).

### II

■ Smisek's driving privileges were revoked for refusing testing under the implied consent law. Minn.Stat. § 169.123, subd. 4 (1984). A driver may, however, obtain rescission of the revocation by proving, as an affirmative defense, that the refusal was based on reasonable grounds. Minn.Stat. § 169.123, subd. 6; *State, Department of Highways v. Schlief*, 289 Minn. 461, 185 N.W.2d 274 (1971). Under *Schlief*, a driver may demonstrate reasonable grounds for refusal to submit to testing by establishing the following:

(1) At the time of the refusal, he must intend to plead guilty to a charge of violating Minn.Stat. § 169.121, subd. 1;
(2) he must enter a plea of guilty to a charge which subjects him to automatic revocation under § 169.121, subd. 3; and
(3) he must plead guilty at the first available opportunity.

*State, Department of Public Safety v. Mulvihill*, 303 Minn. 361, 367–68, 227 N.W.2d 813, 817 (1975). Smisek asserted this defense. The trial court found that all three conditions were met and, accordingly, rescinded the revocation.

The trial court's inference * * * may not be reversed unless clearly erroneous. A trial court's findings may be set aside only when the reviewing court is left with a definite and firm conviction that a mistake has been made after a review of the entire record.

*Kadrlik v. Commissioner of Public Safety*, 388 N.W.2d 8, 10 (Minn.Ct.App.1986) (citations omitted). In this case we are left with a firm conviction that the trial court erred. There is insufficient evidence to support the trial court's finding that Smisek pled guilty at the first opportunity. In *Schlief* the driver pled guilty two days after his arrest. In this case it was only after Smisek appeared in court and scheduled an omnibus hearing, and the charges were reduced from gross misdemeanor to a misdemeanor, that she pled guilty. Under these facts, we hold that Smisek did not establish that her refusal to submit to testing was reasonable. We therefore reverse the trial court's decision to rescind the revocation of her driver's license.

The Commissioner urges this court to determine explicitly that the second element in the *Schlief* defense has been legislatively abolished. *See Omdahl v. Commissioner of Public Safety*, 383 N.W.2d 720 (Minn.Ct.App.1986). In view of our decision above, we need not address this issue.

Similarly, in view of this court's resolution of the Commissioner's appeal, Smisek's request for attorney's fees is denied.

## DECISION

The trial court's factual findings were clearly erroneous. The rescission of respondent's driver's license revocation is reversed. Respondent's request for attorney's fees is denied.

Reversed.