**Krista Dawn BACKDAHL, Petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

No. C1–91–1069.

Court of Appeals of Minnesota.

Jan. 7, 1992.

Review Denied Feb. 27, 1992.

Jerry Strauss, Theresa M. Kowalski, Bernick and Lifson, P.A., Minneapolis, for appellant.

Hubert H. Humphrey, Atty. Gen., Jacquelyn E. Albright, Jeffrey F. Lebowski, Sp. Asst. Attys. Gen., St. Paul, for respondent.

Considered and decided by LANSING, P.J., and PARKER and FOLEY, JJ.

## OPINION

LANSING, Judge.

In an equal protection challenge directed only to the Minnesota Constitution, a juvenile driver asserts the invalidity of an age distinction to determine the length of a license revocation period. We affirm the statute's constitutionality.

## FACTS

Sixteen-year old Krista Backdahl was arrested and submitted to a chemical test to determine her alcohol concentration. The Intoxilyzer indicated an alcohol concentration of 0.11 percent, with a correlation of 99 percent between the two breath samples. Pursuant to Minn.Stat. §§ 169.121 and 169.123, subd. 4 (1990), Backdahl's driving license was revoked until she reached her eighteenth birthday.

At the implied consent hearing the parties stipulated, in lieu of testimony, to submit the police reports and two research reports prepared by an analyst for the Department of Public Safety. The two research reports contained a statistical analysis of alcohol-related traffic crashes and Minnesota Motor Vehicle Crash Facts for 1983 and 1989. On this evidentiary basis, the trial court concluded that the revoca-

tion was proper and the length of the revocation did not violate Backdahl's equal protection rights.

## ISSUE

Does Minn.Stat. § 169.123, subd. 4 violate art. I, § 2 of the Minnesota Constitution by providing for a potentially longer license revocation for drivers under the age of eighteen?

## ANALYSIS

In 1984 the Minnesota Legislature amended Minn.Stat. § 169.123, subd. 4 to provide that when a driver less than eighteen years old consents to and fails an alcohol concentration test, the driver's license will be revoked for a period of six months or until the individual's eighteenth birthday, whichever is greater. *See* 1984 Minn.Laws ch. 622. The single issue on appeal is whether the legislative classification distinguishing between drivers less than eighteen years of age and those more than eighteen years of age violates the equal protection provision of the Minnesota Constitution.

■ The Minnesota Supreme Court has recognized an independent Minnesota constitutional standard for reviewing challenges brought under our state constitution's equivalent to the federal equal protection clause. *State v. Russell*, 477 N.W.2d 886 (Minn.1991). The state rational basis test[1] requires (1) a genuine and substantial distinction between those included and those excluded from the classification, (2) a classification which is genuine or relevant to the purpose of the law, and (3) a statutory purpose that the legislature can legitimately attempt to achieve. *Id.* at 888.

Age classifications in Minnesota statutes have withstood equal protection challenges. *See Essling v. Markman*, 335 N.W.2d 237 (Minn.1983); *Bituminous Casualty Corp.*

*v. Swanson*, 341 N.W.2d 285 (Minn.1983). The United States Supreme Court has recently upheld, against an equal protection challenge, the validity of an age distinction governing a state's mandatory judicial retirement. *See Gregory v. Ashcroft*, —— U.S. ——, 111 S.Ct. 2395, 2406, 115 L.Ed.2d 410 (1991).

In evaluating the constitutionality of a statute allowing a permanently disabled minor to be compensated at a higher workers' compensation rate than a similarly injured adult, the Minnesota Supreme Court held that uniformly applying one compensation rate to minors and another to adults treated equally all those similarly situated. *Bituminous Casualty Corp.*, 341 N.W.2d at 287–88. The court recognized that genuine distinctions between the projected working life of minors and adults supported the age distinction and comported with the goals of the workers' compensation laws. *Id.* at 288.

Similar factors support the distinction between adults and juveniles in imposing revocation periods for implied consent violations. First, Minnesota recognizes eighteen as the age of majority. *See* Minn. Stat. § 645.45(14) (1990) (minor is an individual under the age of eighteen years). Historically, juveniles have been subjected to greater degrees of regulation in many areas. Minors are subjected to different rules with respect to contractual responsibilities, criminal law, voter rights, and driver's license requirements.

Second, the statistics supplied to the legislature indicate that youthful DWI offenders cause a greater threat to public safety than more mature drivers. The 1983 Crash Facts report shows that the DWI arrest rate for drivers aged fifteen through twenty is 1.9 percent, compared to a 1.0 percent arrest rate for all other drivers. In 1984 when the Minnesota Legislature amended the statute, they considered these statistics.[2] The legislature was aware of the

---

1. Backdahl does not request that the statute receive heightened scrutiny. Under federal equal protection analysis, age is not a suspect classification. *Gregory v. Ashcroft*, —— U.S. ——, 111 S.Ct. 2395, 2406, 115 L.Ed.2d 410 (1991).

2. The legislature was presented with the 1982 issue of "Crash Facts," which is a compilation of motor vehicle data authored by the Department of Public Safety. However, at the implied consent hearing in this case, the evidence consisted

correlation between alcohol abuse among minors "and the effect it has on their driving, as well as the effect on public safety." *Hearing on H.F. 1665 and H.F. 1400 before the House Judiciary Committee* (Apr. 9, 1984). The age distinction also reflected the legislature's concern that because of the relative inexperience in driving, an intoxicated juvenile would present a more serious hazard on the roadway than an intoxicated adult. *Hearing on H.F. 1829 before the Judicial Committee, Criminal Justice Division* (Mar. 16, 1984).

The statistical evidence that in 1983 and 1989 drivers aged eighteen, nineteen and twenty had higher DWI arrest rates than those aged fifteen, sixteen and seventeen, does not make the classification arbitrary. A statute is not constitutionally defective because it might have gone further than it actually did. *See Minnesota v. Cloverleaf Creamery Co.*, 449 U.S. 456, 466, 101 S.Ct. 715, 725, 66 L.Ed.2d 659 (1981); *Guilliams v. Commissioner of Revenue*, 299 N.W.2d 138, 143 (Minn.1980). Moreover, the legislature's particular concern about deterring juveniles from combining drinking and driving is a permissible basis for a distinction, particularly when coupled with the legitimate goal of prohibiting underage drinking. *See In re Arthur W.*, 171 Cal.App.3d 179, 217 Cal.Rptr. 183 (Cal.Ct.App.1985).

Finally, the underlying purpose of the implied consent law, to promote public safety on Minnesota roads, is indisputably a legitimate legislative goal. *See State Dep't of Highways v. Schlief*, 289 Minn. 461, 185 N.W.2d 274 (1971). When designed for the benefit of the class or the protection of the public, laws providing different punishments and methods of supervision for persons of different ages do not violate the constitution. *State v. Meyer*, 228 Minn. 286, 303–04, 37 N.W.2d 3, 14 (1949).

## DECISION

Minn.Stat. § 169.123, subd. 4 does not violate the equal protection clause of the Minnesota Constitution even though only of the 1983 and 1989 issues of "Crash

the license of a juvenile implied consent offender could be revoked for a potentially longer period of time than the license of an adult implied consent offender.

Affirmed.