In the Matter of the WELFARE
OF C.P.K.

No. C6–99–2090.

Court of Appeals of Minnesota.

June 27, 2000.

Review Denied Aug. 22, 2000.

Considered and decided by AMUNDSON, Presiding Judge, CRIPPEN, Judge, and G. BARRY ANDERSON, Judge.

G. BARRY ANDERSON, Judge.

Juvenile C.P.K. appeals from adjudication of delinquency for committing felony possession of incendiary devices in violation of Minn.Stat. § 609.668, subd. 2 (1998). Appellant argues that burning crosses are not incendiary devices within the meaning of Minn.Stat. § 609.668, subd. 1(b) (1998), and contends that Minn.Stat. § 609.668, subd. 2 is unconstitutionally overbroad as applied to him. We disagree and affirm.

**FACTS**

In May 1999, police recovered a burned wooden cross measuring two-and-a-half feet tall from a public school in Minneapolis. A fire investigator discovered burn marks on the school lawn. One week later, police and firefighters responded to another report of a burning cross at the same school and found a three-foot-tall wooden cross smoldering on the school's front lawn. The school custodian had managed to extinguish the fire, but not before the school lawn sustained $100 in damage.

In the course of investigating the incidents, the school vice-principal spoke with 14–year–old appellant C.P.K. Appellant told the vice-principal that he knew how to make bombs and was affiliated with the Aryan Nation. The next day, appellant talked to a police sergeant. Appellant told the officer that he followed the Ku Klux Klan and found hate groups and the Nazi era in Germany interesting. Appellant admitted that he made both crosses in his basement using wood, gasoline-soaked rags and duct tape, and set them ablaze at the school.

Mike Hatch, Attorney General, St. Paul, MN; and Amy Klobuchar, Hennepin County Attorney, Linda M. Freyer, Assistant County Attorney, Minneapolis, MN (for respondent).

William E. McGee, Hennepin County Public Defender, Warren R. Sagstuen, Assistant Public Defender, Minneapolis, MN (for appellant).

Following a hearing on stipulated facts, the district court adjudicated appellant delinquent for committing two acts of felony possession of incendiary devices in viola-

tion of Minn.Stat. § 609.668, subd. 2 (1998). Appellant challenges that ruling, arguing that burning crosses do not fall within the statutory definition of incendiary devices and that the statute unconstitutionally interferes with his right to free expression.

## ISSUES

I. Is a burning cross an incendiary device as defined in Minn.Stat. § 609.668, subd. 1(b) (1998)?

II. Is Minn.Stat. § 609.668, subd. 2 (1998) unconstitutionally overbroad as applied to appellant?

## ANALYSIS

### I.

■ Appellant first challenges the district court's interpretation of Minn.Stat. § 609.668, subd. 1(b) (1998), arguing that the burning crosses in this case do not fall within the statute's definition of incendiary devices. Statutory interpretation is a question of law that this court reviews de novo. *Sorenson v. St. Paul Ramsey Med. Ctr.*, 457 N.W.2d 188, 190 (Minn.1990).

Minn.Stat. § 609.668, subd. 2 (1998) prohibits certain persons from possessing explosive and incendiary devices. The statute defines "incendiary device" as

a device so articulated that an ignition by fire, friction, concussion, detonation, or other method may produce destructive effects primarily through combustion rather than explosion. The term does not include a manufactured device or article in common use by the general public that is designed to produce combustion for a lawful purpose, including but not limited to matches, lighters, flares, or devices commercially manufactured primarily for the purpose of illumination, heating, or cooking. The term does not include firearms ammunition.

*Id.*, subd. 1(b). The persons prohibited from possessing incendiary devices include minors, persons convicted of crimes of violence or certain controlled substance of-

fenses, the mentally ill and mentally disabled, and those institutionalized during the course of chemical dependency treatment. *Id.*, subd. 2(a)-(f). The statute makes several exceptions for law enforcement, safety, governmental and educational purposes. *Id.*, subds. 3, 5.

■ When interpreting a statute, we are guided by the natural and obvious meaning of the questioned statutory language. *State v. Newman*, 538 N.W.2d 476, 477 (Minn.App.1995), *review denied* (Minn. Nov. 30, 1995). "In choosing between possible definitions of a statutory term, courts must accept the interpretation which is more logical and practical." *State v. Murphy*, 545 N.W.2d 909, 916 (Minn.1996) (citation omitted). We may presume that the legislature does not intend an absurd result. Minn.Stat. § 645.17(1) (1998). The natural and obvious meaning of the language in Minn.Stat. § 609.668, subd. 1(b) is that an incendiary device is something "homemade" to burn, capable of damage. Because made-to-burn items could be constructed from a vast array of flammable materials, and produce a variety of effects, it is logical and practical that the statutory language is neither specific nor limiting.

Appellant fashioned the burning crosses in his basement with materials capable of causing damage by fire. The crosses were made to burn, and do not fall within the statute's permissible exceptions. *See id.* (excluding manufactured items, or articles commonly used by the general public). *See also* Minn.Stat. § 609.668, subds. 3, 5 (excepting certain safety, educational, governmental and law enforcement purposes). As the condition of the school lawn in this case shows, a burning cross has destructive potential.

■ Appellant claims that the crosses he made do not fall within the definition of incendiary devices because he did not create the crosses to produce a destructive effect, but to produce a special form of symbolic speech. Concluding that a destructive burning cross is transformed into

a safe symbolic burning cross simply by virtue of the maker's desire to communicate a message produces an absurd result. Otherwise culpable offenders could escape liability under Minn.Stat. § 609.668 simply by claiming that the explosive or incendiary devices they possessed were made to convey a message. *See Murphy,* 545 N.W.2d at 916 (reasoning that treating an oral terroristic threat differently from a threat accomplished by someone clever enough to threaten by way of a physical act would produce an absurd result). The wooden crosses here, wrapped in cloth soaked in flammable liquid, were made to burn, had the capacity to damage people and property, and did damage a school lawn. They fall squarely within the statutory definition of an "incendiary device."

## II.

■■■ Appellant next challenges the constitutionality of Minn.Stat. § 609.668, subd. 2 as applied to the facts of this case, but specifically declines to contest its facial constitutionality. Minnesota statutes are presumed constitutional, and this court reviews challenges to their constitutionality de novo. *State v. Machholz,* 574 N.W.2d 415, 419 (Minn.1998). Appellant bears the burden of proving unconstitutionality beyond a reasonable doubt. *State v. Merrill,* 450 N.W.2d 318, 321 (Minn.1990).

■■■ Cross-burning, a form of symbolic speech, is an expressive activity that the United States Supreme Court has held to be protected under the First Amendment to the United States Constitution. *R.A.V. v. City of St. Paul,* 505 U.S. 377, 112 S.Ct. 2538, 120 L.Ed.2d 305 (1992). Overbroad restrictions of expression are unconstitutional. *New York v. Ferber,* 458 U.S. 747, 768–69, 102 S.Ct. 3348, 3361, 73 L.Ed.2d 1113 (1982). A statute is overbroad if it is "so drawn as to sweep within its ambit protected speech or expression." *Doran v. Salem Inn, Inc.,* 422 U.S. 922, 933, 95 S.Ct. 2561, 2568–69, 45 L.Ed.2d 648 (1975). Appellant, however, does not seek to void the entire statute by claiming that Minn.

Stat § 609.668 is facially overbroad. *See Machholz,* 574 N.W.2d at 419 (holding that a facially overbroad statute is void). Rather, appellant contends that the statute unconstitutionally criminalizes his own acts of cross burning, which are protected by the First Amendment.

The United States Supreme Court has observed that

when "speech" and "nonspeech" elements are combined in the same course of conduct, a sufficiently important governmental interest in regulating the nonspeech element can justify incidental limitations on First Amendment freedoms. * * * [A] governmental regulation is sufficiently justified if it is within the constitutional power of the Government; if it furthers an important or substantial governmental interest; if the governmental interest is unrelated to the suppression of free expression; and if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest.

*United States v. O'Brien,* 391 U.S. 367, 376–77, 88 S.Ct. 1673, 1678–79, 20 L.Ed.2d 672 (1968). This court has adopted the *O'Brien* test. *State v. Miner,* 556 N.W.2d 578, 585 (Minn.App.1996), *review denied* (Minn. Feb. 26, 1997). Applying the *O'Brien* test to the facts of this case leads us to conclude that Minn.Stat. § 609.668, subd. 2 is constitutional as applied to appellant.

■■■ First, the legislature has the "unquestioned authority" to declare which acts or conduct are so adverse to the public welfare as to constitute a crime. *State v. Mathiasen,* 273 Minn. 372, 378, 141 N.W.2d 805, 810 (1966). The legislature clearly had the authority to enact Minn. Stat. § 609.668, subd. 2 to prohibit certain classes of persons (including minors) from possessing incendiary devices.

Second, public safety is an important and substantial government interest. The

Minnesota Supreme Court has observed that

> [t]he interest in public safety is * * * fundamental, and serves as a rationale for the very formation of our state government. Article I, section 1 of the Minnesota Bill of Rights establishes, "Government is instituted for the security, benefit and protection of the people * * * ."

*State v. Hershberger,* 462 N.W.2d 393, 398 (Minn.1990) (citation omitted). The statute challenged here, Minn.Stat. § 609.668, subd. 2, appears in Minnesota's criminal code, enacted to "protect the public safety and welfare." Minn.Stat. § 609.01, subd. 1(1) (1998). Regulation of explosive and incendiary devices furthers the state's interest in public safety. *See* Minn.Stat. § 609.668.

Third, Minn.Stat. § 609.668, subd. 2 does not directly regulate appellant's cross-burning as a method of expression. In *R.A.V. v. City of St. Paul,* 505 U.S. at 385, 112 S.Ct. at 2544, the United States Supreme Court explained that

> nonverbal expressive activity can be banned because of the action it entails but not because of the ideas it expresses—so that burning a flag in violation of an ordinance against outdoor fires could be punishable, whereas burning a flag in violation of an ordinance against dishonoring the flag is not.

*Id.* Like the Supreme Court's example of an ordinance against outdoor fires, the statute here regulates explosive or incendiary devices without regard to ideas expressed.

Finally, the statute's restriction on appellant's free-expression rights is incidental. Appellant's cross-burning conduct falls within the Minn.Stat. § 609.668's prohibitions only because he is, at age 14, a minor. *See* Minn.Stat. § 645.45, subd. 14 (1998) (Minnesota's age of majority is 18 years of age). The statute challenged here does not prohibit *everyone* from burning crosses. Instead, statute is narrowly tailored to apply to carefully enumerated classes of persons, including minors, who may endanger others, or be endangered, by possessing an explosive or incendiary device. *See* Minn.Stat. § 609.668, subd. 2(a)-(f).

Because of their youth and inexperience, minors are subject to different rules with respect to contractual responsibilities, criminal law, voter rights, and driver's license requirements. *Backdahl v. Commissioner of Pub. Safety,* 479 N.W.2d 89, 91 (Minn.App.1992); *review denied* (Minn. Feb. 27, 1993). This is no less true when the First Amendment is implicated. *See R.A.V.,* 505 U.S. at 389, 112 S.Ct. at 2546 ("A state could, for example, permit all obscene live performances except those involving minors."). This court may presume that by extending Minn.Stat. § 609.668, subd. 2 to minors, the legislature intended to protect minors from the obvious potential danger that comes with handling explosive or incendiary devices. *See Kasdan v. Berney,* 587 N.W.2d 319, 322 (Minn.App.1999) (language of a statute free from ambiguity may be presumed to manifest legislative intent).

We are able to separate appellant's speech from his unprotected conduct. Appellant could have been adjudicated delinquent under Minn.Stat. § 609.668, subd. 2 for igniting a wooden rectangle that, as far as we know, would convey no special message. *See Machholz,* 574 N.W.2d at 421 (shouting words while riding through crowd on horseback were linked, and because prosecution under a harassment statute would not have been possible had the defendant not said a word, the harassment statute was unconstitutional as applied). In *R.A.V.,* the United States Supreme Court stated:

> Let there be no mistake about our belief that burning a cross in someone's front yard is reprehensible. But St. Paul [the governmental body that enacted the challenged ordinance] has sufficient means at its disposal to prevent such

behavior without adding the First Amendment to the fire.

*R.A.V.*, 505 U.S. at 396, 112 S.Ct. at 2549. Minn.Stat. § 609.668 is an example of Minnesota's legitimate and "sufficient means" of preventing behavior that endangers its citizens without offending First Amendment freedoms.

We hold that appellant's acts of igniting pieces of wood tied with rags soaked in flammable liquid fall within the prohibitions of Minn. Stat. § 609.668, subd. 2 notwithstanding any message he wished to convey. Appellant's acts are not constitutionally protected because his First Amendment freedoms are only incidentally regulated by Minn.Stat. § 609.668.

## DECISION

Burning crosses are incendiary devices within the meaning of Minn.Stat. § 609.668, subd. 1(b) (1998). Minn.Stat. § 609.668, subd. 2 (1998), which prohibits minors from possessing incendiary devices, is not unconstitutionally overbroad as applied to appellant, a minor.

**Affirmed.**