*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2299**

Bank of America, N.A.,
as successor by merger to BAC Home Loans Servicing, L. P.,
Respondent,

vs.

Cheryl Smith, et al.,
Appellants.

**Filed August 4, 2014
Affirmed
Schellhas, Judge**

Anoka County District Court
File No. 02-CV-13-4750

Orin J. Kipp, Wilford Geske & Cook, P.A., Woodbury, Minnesota (for respondent)

William B. Butler, Butler Liberty Law, LLC, Minneapolis, Minnesota (for appellants)

Considered and decided by Schellhas, Presiding Judge; Connolly, Judge; and Willis, Judge.[*]

---

[*]  Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**SCHELLHAS**, Judge

In this eviction action, appellant challenges the district court's grant of summary judgment to respondent. We affirm.

**FACTS**

This appeal involves property located at 10599 Sanctuary Drive Northeast, Blaine, Minnesota 55449-5383 (the property). On August 29, 2013, process servers mailed an eviction summons and an eviction complaint to the property, which was the last known address of appellants Cheryl Smith Jr., Joseph Smith Jr., John Doe, and Mary Rowe, and posted the summons and complaint on the property premises. In the complaint, respondent Bank of America, N.A., demanded judgment against Smiths, Doe, and Rowe for restitution of the property. The bank alleged that it was the successor by merger of BAC Home Loans Servicing, LP; the property was properly sold at a July 18, 2011 sheriff's sale, based on a mortgage foreclosure; the six-month redemption period expired without redemption; it was the property's fee owner; Smiths, Doe, and Rowe remained in possession of the property, even though the bank was entitled to possession of it; and the bank complied with Minn. Stat. § 504B.181 (2012) "by actual knowledge of [Smiths, Doe, and Rowe]." Smiths, Doe, and Rowe answered, alleging in part, "Because the foreclosure is void, [the bank] lacks legal standing and/or the legal capacity to bring this action."

The bank moved for summary judgment and argued that Smiths, Doe, and Rowe "failed to assert a relevant defense to [the bank]'s Complaint that is admissible in this matter." The district court conducted a hearing; granted the bank's motion; granted the bank a writ of recovery of the property; and ordered Smiths, Rowe, and Doe to vacate the property within seven days.

This appeal follows.

**D E C I S I O N**

"On appeal from a grant of summary judgment, [appellate courts] determine whether any genuine issues of material fact exist and whether the district court erred in its application of the law. We construe the facts in the light most favorable to the party against whom summary judgment was granted . . . ." *Minn. Laborers Health & Welfare Fund v. Granite Re, Inc.*, 844 N.W.2d 509, 513 (Minn. 2014) (citation omitted). Smiths, Doe, and Rowe challenge the district court's grant of summary judgment to the bank, arguing that genuine issues of material fact exist as to whether the bank had standing to commence the eviction action and whether it had any right, title, or interest in the property. Their arguments are unpersuasive.

An eviction proceeding is "a summary court proceeding to remove a[n] . . . occupant from or otherwise recover possession of real property," Minn. Stat. § 504B.001, subd. 4 (2012), and is "intended to adjudicate only the limited question of present possessory rights to the property," *Deutsche Bank Nat'l Trust Co. v. Hanson*, 841 N.W.2d 161, 164 (Minn. App. 2014). *See State v. Spence*, 768 N.W.2d 104, 109 (Minn. 2009) ("An unlawful detainer action merely determines the right to present possession

3

and does not adjudicate the ultimate legal or equitable rights of ownership possessed by the parties." (quotation omitted)); *Real Estate Equity Strategies*, *LLC v. Jones*, 720 N.W.2d 352, 357 (Minn. App. 2006) (similar).

"[A]n objection to want of standing goes to the existence of a cause of action, is jurisdictional, and may be raised at any time." *Marine Credit Union v. Detlefson-Delano*, 830 N.W.2d 859, 864 n.3 (Minn. 2013) (quotation omitted). "A plaintiff may have standing in two ways: either the plaintiff has suffered some 'injury-in-fact' or the plaintiff is the beneficiary of some legislative enactment granting standing." *Gretsch v. Vantium Capital, Inc.*, 846 N.W.2d 424, 429 (Minn. 2014). For example, the supreme court concluded in *League of Women Voters Minn. v. Ritchie* that Minn. Stat. § 204B.44 (2010) "constitute[d] a legislative grant of standing" because it provided that "[a]ny individual may file a petition in the manner provided in this section for the correction of any of the following errors, omissions, or wrongful acts which have occurred or are about to occur." 819 N.W.2d 636, 645 n.7 (Minn. 2012).

Here, the bank had standing to commence this eviction action under Minn. Stat. § 504B.285, subd. 1(1)(ii) (2012). Section 504B.285, subdivision 1(1)(ii), provides that "[t]he person entitled to the premises may recover possession by eviction when: . . . any person holds over real property: . . . after the expiration of the time for redemption on foreclosure of a mortgage." The bank is entitled to possession of the premises because it is a successor by merger of BAC Home Loans. A sheriff's certificate of sale indicates that the property's mortgagee was Mortgage Electronic Registration Systems, Inc. (MERS); MERS assigned the mortgage to BAC Home Loans; and BAC Home Loans

4

purchased the property at the July 18, 2011 sheriff's sale. *See* Minn. Stat. §§ 580.12 (providing that a properly recorded certificate of sale "operate[s] as a conveyance to the purchaser or the purchaser's assignee of all the right, title, and interest of the mortgagor in and to the premises named therein at the date of such mortgage"), .19 ("Every sheriff's certificate of sale made under a power to sell contained in a mortgage shall be prima facie evidence that all the requirements of law in that behalf have been complied with, and prima facie evidence of title in fee thereunder in the purchaser at such sale, the purchaser's heirs or assigns, after the time for redemption therefrom has expired.") (2012). Smiths, Doe, and Rowe continued to possess the property, although the redemption period expired six months after the July 2011 sheriff's sale, about 19 months before the bank commenced this eviction action.

In district court, Smiths, Doe, and Rowe asked the district court to take judicial notice of "facts governing the legal ownership of this loan and affecting the validity of this foreclosure" under Minn. R. Evid. 201. They seem to argue now that the district court erred by not granting their judicial-notice request, but they did not file their request with the district court until December 18, 2013, two days *after* they noticed this appeal. Their request therefore is outside the record on appeal and not properly before this court. *See* Minn. R. Civ. App. P. 110.01 ("The papers filed in the trial court, the exhibits, and the transcript of the proceedings, if any, shall constitute the record on appeal in all cases."); *Thomas v. Fey*, 405 N.W.2d 450, 454 (Minn. App. 1987) (concluding that an affidavit was "not part of the record on appeal and may not be considered," reasoning in

5

part that county did not "come forward" with the affidavit until "three weeks after notice of appeal").

Smiths, Doe, and Rowe argue, "Comparing the recorded foreclosure record to the terms of the Bafc Stalt 2005-1F Trust, it is clear that no foreclosure occurred and that the of-record foreclosure is patently fraudulent." They also argue that no genuine issue of material facts exists about "whether a foreclosure occurred and as to whether [the bank] has any right, title or interest in the property." But the sheriff's certificate of sale is "prima facie evidence that all the requirements of law in that behalf have been complied with, and prima facie evidence of title in fee thereunder in the purchaser at such sale, the purchaser's heirs or assigns." Minn. Stat. § 580.19. And permitting Smiths, Doe, and Rowe to avoid the summary nature of eviction proceedings is unwarranted because they provide no reason why they could not challenge the underlying foreclosure in a separate district court proceeding. *See Amresco Residential Mortg. Corp. v. Stange*, 631 N.W.2d 444, 444–46 (Minn. App. 2001) (affirming dismissal of counterclaims "related to the underlying mortgage foreclosure" because appellants could "raise their counterclaims and equitable defenses directly in [a] separate, district court proceeding" and, consequently, "there [was] no evident reason to interfere with the summary nature of eviction proceedings"), *relied on in Fraser v. Fraser*, 642 N.W.2d 34, 40–41 (Minn. App. 2002) ("[T]o the extent wife has the ability to litigate her equitable mortgage and other claims and defenses in alternate civil proceedings, it would be inappropriate for her to seek to do so in the eviction action."); *see also Deutsche Bank*, 841 N.W.2d at 165 ("We are not

6

persuaded by the Hansons' argument that Deutsche Bank cannot show that it is entitled to a writ of recovery without establishing the validity of the foreclosed mortgage.").[1]

**Affirmed.**

---

[1] Smiths, Doe, and Rowe ask this court to judicially notice the same "facts" that they asked the district court to judicially notice. We decline. "Judicial notice may be taken at any stage of the proceeding," Minn. R. Evid. 201(f), including on appeal, *see Smisek v. Comm'r of Pub. Safety*, 400 N.W.2d 766, 768 (Minn. App. 1987) (taking judicial notice). But the facts of which Smiths, Doe, and Rowe request judicial notice are already in the record or irrelevant to the eviction proceeding. *See Amresco*, 631 N.W.2d at 445–46; *cf. Cravens v. Smith*, 610 F.3d 1019, 1029 (8th Cir. 2010) ("[A] court may properly decline to take judicial notice of documents that are irrelevant to the resolution of a case."). They ask this court to judicially notice the "fact[]" that a mortgage assignment to the bank "is void." But whether the assignment is void is a legal, not factual, matter and, therefore, not the proper subject of judicial notice, which pertains to "adjudicative facts." Minn. R. Evid. 201(a); *cf. Gores v. Schultz*, 777 N.W.2d 522, 525 (Minn. App. 2009) ("Whether a mortgagee can assert that a competing mortgage is void under section 507.02 requires construction of the statute. Construction of a statute is a question of law . . . ."), *review denied* (Minn. Mar. 16, 2010).